Robert J. Slye, Esq. Informal Opinion City Attorney No. 95-18 City of Watertown 531 Washington Street Watertown, N Y 13601
Dear Mr. Slye:
You have asked whether the mayor or the city manager of the City of Watertown has the authority to appoint the members of a city housing authority.
You have indicated that the City of Watertown has adopted Plan C of Chapter 444 of the Laws of 1914 (the Optional City Government Law). You have characterized this plan as the city manager form of government. Under Plan C,
 "[t]he administrative and executive powers of the city, including the power of appointment of officers and employees, are vested in an official to be known as the city manager, who shall be appointed by the council . . .".
L 1914, ch 444, Art V, § 90. The city manager is designated as the administrative head of city government. Id., § 91. Public Housing Law § 30(2) provides that the mayor of a city or village, or the town board of a town appoints the members of a housing authority. The term "mayor" is defined as "the chief executive officer of a municipality". Public Housing Law § 3(6). Under these provisions, the officer who has status as the chief executive officer of the municipality has the authority to appoint the members of a city housing authority. Matter ofSchlobohm v Municipal Housing Authority for the City of Yonkers,270 App. Div. 102 2, affd, 297 N.Y. 911 (1948). In that the City of Watertown has adopted Plan C of the Optional City Government Law, whereby the city manager is the chief executive officer of the city, it follows that the city manager is authorized to appoint the members of the city housing authority.
We also refer to the Rules and Regulations of the State of New York, providing that the mayor "or other chief executive of a municipality" must file with the Commissioner of Housing a certificate of appointment or reappointment of any member of a housing authority. 9 NYCRR § 1601.1. We note that in a December 12, 1994 letter to the mayor of the City of Watertown from an official of the United States Department of Housing and Urban Development, the Department indicated that in New York State the chief executive officer of a municipality has the power to appoint members to a public housing authority. December 12, 1994 letter from Harry A. Reese, Director, Office of Public Housing to Mayor Jeffrey E. Graham. In this letter, Mr. Reese explained that the prior letter which caused the confusion as to who has the power of appointment was a standard form letter and did not convey any directives as to the authority to make these appointments. The second letter stated that "[t]hose powers are conveyed by New York State law".
We conclude that the city manager of the City of Watertown, as the chief executive officer of the city, has the authority to make appointments to the city housing authority.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions